IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. DENHAM,         ) | CV F 05-0995 AWI DLB |
|             Plaintiff,  ) | ORDER GRANTING MOTION |
|    v.                        ) | TO DISMISS |
| GOVERNOR ARNOLD   ) | ORDER DISMISSING ACTION |
|   SCHWARZENEGGER, et al.,  ) | ORDER DENYING PENDING MOTIONS AS MOOT |
|             Defendants.  ) | (Documents #22 & #23) |

**BACKGROUND**

On August 4, 2005, Plaintiff filed an amended complaint. The amended complaint states that this action is brought pursuant to 42 U.S.C. § 1983. Plaintiff is serving a term of parole issued by Nevada in California. The amended complaint concerns actions leading up to a parole revocation hearing. The first cause of action alleges that defendants breached their duty to ensure a timely parole revocation hearing. The second cause of action alleges breach of the interstate compact agreement between Nevada and California. The third cause of action alleges intentional infliction of emotional distress.

On September 29, 2005, Defendants Williams, Jackson, Kenneally, Vazquez, Schwarzenegger, and L'Etolite filed an amended motion to dismiss.[1] Defendants contend that Plaintiff's civil rights cause of action was filed outside the two year statute of limitation.

---

[1] Defendants Castaneda, Mountain, and Rowlings have also filed a motion to dismiss. This motion is set for hearing on December 12, 2005.

Defendants also contend Plaintiff's action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff has not shown that his parole revocation proceedings have been invalidated, set aside, or called into question. Defendants contend that Defendant Castaneda is entitled to dismissal because the complaint lacks any allegations showing his involvement in an alleged denial of Plaintiff's rights. Finally, Defendants contend that an alleged violation of the Uniform Act For Out-Of-State Parolee Supervision does not provide a parolee with any federal rights.

On October 13, 2005, Plaintiff filed an opposition. Plaintiff contends that this action is not barred by the statute of limitations because it is similar to a breach of contract cause of action, for which a four year statute of limitations applies. Plaintiff contends this action is not barred by Heck because Defendants have contended in state proceedings that any state habeas corpus proceedings is moot. Plaintiff contends that Defendants have violated an order in Valdivia, et al., v. Schwarzenegger, Case No. CIV S-94-0671 LKK GGH (E.D.Cal.).

## FACTUAL ALLEGATIONS

Plaintiff is a Nevada parolee that is serving his parole in California pursuant to the Interstate Compact Agreement between Nevada and California. Plaintiff is a resident of the State of California.

On August 29, 2002, a parole search was conducted at Plaintiff's home. A baseball bat with duck tape around the handle and a pair of nunchakus were found. Plaintiff was arrested and taken to the Kern County Lerdo facility on a parole hold.

On September 24, 2002, criminal charges against Plaintiff were dismissed.

On October 1, 2002, Plaintiff was released from custody.

On March 26, 2003, Plaintiff was notified of parole revocation proceedings. On April 2, 2003, Plaintiff was served with additional documents concerning the parole revocation proceedings. On May 23, 2003, Plaintiff was notified of the revocation hearing date and asked to have two witnesses present.

On June 10, 2003, Plaintiff and his witnesses arrived for the revocation hearing but

learned that it had been canceled.  A parole officer asked Plaintiff to report to the Bakersfield Parole Office on the following day.

On June 11, 2003, after Plaintiff reported to the Bakersfield Parole Office, he was taken into custody and booked into the Kern County Jail.

On June 25, 2003, Plaintiff was notified of a July 10, 2003 parole revocation hearing date.  Also, on June 25, 2003, Nevada informed Parole Officer Ebony Henderson that it was not going to pursue revocation of Plaintiff's parole because the charges stemming from the August 29, 2002 arrest had been dismissed.

On July 8, 2003, Plaintiff filed a petition for writ of habeas corpus.

On July 10, 2003, the parole revocation hearing was held.  Defendants did not appear at this hearing.  While not specifically alleged in the amended complaint, it appears that Plaintiff's parole was not revoked after the hearing.

On September 16, 2003, pleadings were filed challenging the July 8, 2003 petition for writ of habeas corpus as moot and notifying the court that Plaintiff had been released from custody.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

1  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**DISCUSSION**

**A. Jurisdiction**

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed.R.Civ.P. 12(h)(3).  A court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.  Johnson v. California, 541 U.S. 428, 124 S. Ct. 1833, 1835 (2004); United States v. Moreno-Morillo, 334 F.3d 819, 830 (9th Cir. 2003).   It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

It appears from the amended complaint and Plaintiff's opposition that the court may not have jurisdiction over this action.   The first cause of action alleges that defendants breached their duty to ensure a timely parole revocation hearing.  The second cause of action alleges breach of the interstate compact agreement between Nevada and California.  The third cause of action alleges intentional infliction of emotional distress.  On their face, the first two causes of action appear to be for breach of contract and the third cause of action appears to be brought in tort. While Defendants presumed that the first cause of action is brought under 42 U.S.C. § 1983, in his opposition, Plaintiff argues the first cause of action is analogous to a breach of contract case. If all causes of action before the court are for breach of contract and/or tort violations, the court does not have jurisdiction over this action.

The court has jurisdiction over an action raising only state law causes of action if more

than $75,000 is in controversy and the parties are citizens of different states.  28 U.S.C. § 1332(a).  Here, the amended complaint alleges that all Defendants and Plaintiff are citizens of California.  Thus, if this action contains only state law causes of action, this court lacks jurisdiction over this action.

From a liberal reading of the amended complaint and opposition, it is possible Plaintiff is attempting to bring this action under the court's jurisdiction to resolve federal questions pursuant to 28 U.S.C. § 1331.   It appears Plaintiff may have three theories under which the court has federal question jurisdiction.   First, Plaintiff may be raising a civil rights claim pursuant to 42 U.S.C. § 1983.  Second, Plaintiff appears to raise a claim pursuant to the Interstate Compact Agreement between Nevada and California.  Third, Plaintiff contends Defendants violated orders in Valdivia, et al., v. Schwarzenegger, et al.  Because Plaintiff has alleged possible theories that could give the court jurisdiction under 28 U.S.C. § 1331, the court will address whether any other these theories states a claim.

**B. Statute of Limitations for Civil Rights Cause of Action**

Based on the amended complaint, it appears that Plaintiff is raising a cause of action pursuant to 42 U.S.C. § 1983.   Defendants contend that any cause of action brought pursuant to Section 1983 must be dismissed because this action was filed outside of Section 1983's two year statute of limitations.

Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in Section 1983 suits.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).  In California, the applicable statute of limitations for Section 1983 claims is two years.  See Cal. Civ. Proc. Code § 335.1. Federal law determines when a civil rights claim accrues.  See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  Kimes v. Stone, 84 F.3d

5

1121, 1128 (9th Cir. 1996).

In this instance, Plaintiff's claim accrued at the latest on July 10, 2003, when Plaintiff's parole revocation hearing was held. By this date all alleged violations of Plaintiff's rights surrounding the parole revocation proceedings had occurred. Plaintiff filed the complaint in this action on August 4, 2005. Because Plaintiff did not file his complaint until more than two years after his Section 1983 cause of action accrued, Plaintiff's Section 1983 cause of action was filed outside the statute of limitations and must be dismissed.

The court does note that pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), a Section 1983 cause of action for damages is not cognizable until the unconstitutional conviction or imprisonment has been invalidated. Id. at 486-87. Concerning the statute of limitations for Section 1983 cases, the Supreme Court found that it would pose "no difficulty while . . . state challenges are being pursued [by a § 1983 plaintiff because] a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489. Thus, under Heck a cause of action does not accrue until and unless the plaintiff can prove that his conviction or sentence has been reversed. Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000). Here, Plaintiff contends that Heck does not apply to his case because his state habeas petition concerning the parole revocation proceedings was rendered moot by Plaintiff's release from custody. The court agrees. Because no state habeas remedies were available, Heck does not apply, and Plaintiff's statute of limitations accrued on July 10, 2003, and not the date on which the state court invalidated Plaintiff's parole revocation.

In his opposition, Plaintiff contends that the court should use a four year statute of limitations because this action is based on an interstate compact agreement, and thus analogous to a contract. If Plaintiff's complaint really is raising a breach of contract claim and not a Section 1983 claim, the court does not have jurisdiction as discussed above. The viability of an independent cause of action based on the interstate compact agreement is discussed below.

6

Regardless there is no authority for the proposition that a Section 1983 claim has a four year statute of limitations if it is based in part on some form of a contract. Thus, a two year statute of limitations, and not a four year statute of limitations, applies to this action. Accordingly, any Section 1983 cause of action is barred by the statute of limitations and must be dismissed.

**C. Interstate Corrections Compact**

In both his amended complaint and his opposition, Plaintiff appears to argue that this action is brought under an interstate compact agreement. The Interstate Corrections Compact is an agreement between states, enacted by statute in each participating state, that authorizes the transfer of one state's prisoners or parolees to another state. Olim v. Wakinekona, 461 U.S. 238, 246 (1983); Ghana v. Pearce, 159 F.3d 1206, 1208 (9th Cir.1998). Title 4 U.S.C. § 112(a) allows states to enter "into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies, and to establish such agencies, joint or otherwise, as they may deem desirable for making effective such agreements and compacts." Title 15 of the California Code of Regulations § 2071 provides that the Bureau of Prison Terms ("BPT") rules apply to all multi-jurisdiction prisoners and parolees unless modified by specific multi-jurisdiction rules.

Plaintiff appears to be contending that Defendants' violation of the Interstate Corrections Compact amounts to a violation of federal law. An interstate compact only constitutes federal law if: (1) it falls within the scope of the Constitution's Compact Clause; (2) it receives congressional consent; and (3) its subject matter is appropriate for congressional legislation. Cuyler v. Adams, 449 U.S. 433, 439-40 (1981). The Interstate Corrections Compact found at 4 U.S.C. § 112(a) has not been approved by Congress pursuant to the Compact Clause, nor is 4 U.S.C. § 112(a)'s subject matter appropriate for federal legislation. Ghana v. Pearce, 159 F.3d 1206, 1208 (9th Cir.1998); Stewart v. McManus, 924 F.2d 138, 142 (8th Cir.1991). Accordingly, potential violations of the Interstate Corrections Compact at issue in this action must be construed as violations of state law. The court will therefore dismiss Plaintiff's claim to the

extent it is based on the Interstate Corrections Compact found at 4 U.S.C. § 112(a) because it does not present a proper basis for federal question jurisdiction.

**D. Valdivia v. Schwarzenegger**

In the amended complaint and opposition Plaintiff makes reference to Valdivia v. Schwarzenegger, Case No. CIV S-94-0671 LKK GGH (E.D.Cal.). Plaintiff contends that Defendants violated orders issued in Valdivia v. Schwarzenegger. It appears that Plaintiff may be contending that this court has jurisdiction because his claims are based on violations of Valdivia v. Schwarzenegger.

The court takes judicial notice of the docket and records in Valdivia v. Schwarzenegger. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir.1988) (court may take judicial notice of court records). The Valdivia v. Schwarzenegger class action was filed in the Sacramento Division of the Eastern District of California on May 2, 1994, and was assigned to Chief Judge Emeritus Lawrence K. Karlton. The operative complaint, the fifth amended complaint filed on September 13, 2002 to add additional class representatives, alleges that the members of the plaintiff class are being denied their right to counsel and their right to due process in connection with parole holds and revocation proceedings. Among other things, the complaint alleges that the BPT violates due process by denying parolees prompt revocation hearings, notice of the charges and the opportunity for reasonable investigation, meaningful representation by counsel, a meaningful opportunity to appeal a denial of counsel, the right to subpoena and present witnesses and evidence, and the right to confront adverse witnesses. On December 1, 1994, Judge Karlton certified a class under Rule 23(b) of the Federal Rules of Civil Procedure consisting of: (1) California parolees who are at large; (2) California parolees in custody as alleged parole violators, and who are awaiting revocation of their state parolee and (3) California parolees who are in custody, having been found in violation of parole and who have thereupon been sentenced to prison custody.

On June 13, 2002, Judge Karlton granted partial summary judgment in favor of the

plaintiffs, holding that California's unitary parole revocation system violated the due process rights of the plaintiff class by unduly delaying preliminary hearings on the reliability of the probable cause determination.  See Valdivia v. Davis, 206 F.Supp.2d 1068 (E.D.Cal.2002).  On October 18, 2002, Judge Karlton ordered the defendants to file a proposed remedial plan addressing the violations identified in the June 13th Order.  On March 9, 2004, Judge Karlton caused to be filed a "Stipulated Order for Permanent Injunctive Relief."   Among other things, the Stipulated Order required the Valdivia v. Schwarzenegger defendants to implement completely, by January 1, 2005, the following: (1) appointment of counsel for all parolees at the "return to custody" stage; (2) a probable cause hearing within a specified time; (3) standards, guidelines and training for effective assistance of state appointed counsel in the revocation process; (4) access to evidence, and the ability to subpoena and present witnesses and evidence to the same extent as the state; and (5) the imposition of limitations on the use of hearsay evidence.  On March 17, 2004, Judge Karlton issued an "Order Granting Final Approval of Stipulated Order for Permanent Injunctive Relief," finding the proposed settlement "fair, adequate and reasonable."  The order further provided: "Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and the Stipulated Order for Permanent Injunctive Relief; (b) hearing and determining applications for attorneys' fees, costs, interest and expenses in the Class Action; and (c) all parties hereto for the purpose of enforcing and administering the Stipulated Order for Permanent Injunctive Relief."   The Plaintiffs then alleged that the defendants were in direct violation of certain terms of the Permanent Injunction.   On June 8, 2005, Judge Karlton found the defendants "in violation of the Permanent Injunction Order by virtue of the elimination of the remedial sanctions of Electronic Monitoring and SATCU."  However, Judge Karlton declined to hold Defendants in contempt.  Currently, Judge Karlton is reviewing motions to direct remaining issues to a special master and attorney's fees.

     In his opposition, Plaintiff contends that he is a member of the Valdivia v.

Schwarzenegger class. Plaintiff argues that Judge Karlton has found a delay of 45 days before providing a parole revocation hearing violates due process. Plaintiff contends that Defendants have failed to properly supervise parole revocation proceedings and have allowed a delay of eight months in this case. Plaintiff argues that Defendants' failure to ensure compliance with Valdivia v. Schwarzenegger breached their contract and fiduciary duties.

Contrary to Plaintiff's assumption, Valdivia v. Schwarzenegger does not provide Plaintiff with a separate, private cause of action over which this court and the undersigned has jurisdiction. If Plaintiff is a member of the Valdivia v. Schwarzenegger class, then any violations of orders issued in Valdivia v. Schwarzenegger must be raised in Valdivia v. Schwarzenegger. Plaintiff has cited to no case authority nor any order issued by Judge Karlton that allows the undersigned to resolve possible violations of Valdivia v. Schwarzenegger in a new cause of action. Thus, this court does not have jurisdiction over this action to the extent that Plaintiff contends this action is brought under Valdivia v. Schwarzenegger.[2]

Further, even if the court were to allow a new cause of action to address violations of Valdivia v. Schwarzenegger, Judge Karlton's order does not apply to the facts of this action. While Judge Karlton found that California's unitary parole revocation system violated the due process rights of the plaintiff class by unduly delaying hearings on June 13, 2002, no injunction was issued at this time. It was not until March 9, 2004, that Judge Karlton issued a permanent injunction. This permanent injunction required the defendants to implement new procedures by January 1, 2005. The parole revocation at issue in this action occurred over a time period beginning on August 29, 2002 and ending on July 10, 2003. At the time Defendants allegedly violated Judge Karlton's orders, Judge Karlton had not yet issued the injunction that applied to Defendants' actions regarding parole revocation. Thus, Plaintiff has not alleged a violation of

---

[2] The findings made by Judge Karlton about California's parole revocation scheme would be given some precedential value if this court were called to determine whether Plaintiff's due process rights had been violated. However, such a claim would need to be raised in a civil rights cause of action brought pursuant to 42 U.S.C. § 1983. As discussed above, any Section 1983 cause of action is barred by the statute of limitations.

10

Judge Karlton's orders in <u>Valdivia v. Schwarzenegger</u>.  Even if he had, Plaintiff's remedy is not a separate, new cause of action.   Thus, any cause of action based on a violation of <u>Valdivia v. Schwarzenegger</u> must be dismissed.

**CONCLUSION AND ORDER**

No causes of action based on a violation of federal law can proceed in this action.  To the extent a civil rights cause of action is before the court, it is subject to dismissal because any civil rights cause of action brought pursuant to Section 1983 was filed outside the applicable statute of limitations.   To the extent Plaintiff brings a cause of action for a violation of the Interstate Corrections Compact found at 4 U.S.C. § 112(a), such a cause of action is not available because the Interstate Corrections Compact does not allow an independent basis for federal question jurisdiction.   To the extent Plaintiff brings a cause of action for potential violations of orders issued in <u>Valdivia v. Schwarzenegger</u>, no separate private cause of action is available.

The court is mindful that dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by amendment.  <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir.2001); <u>Chang v. Chen</u>, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996).  Plaintiff has offered no dispute as to the accrual date for the statute of limitations.  Rather, Plaintiff contends a longer statute of limitations is available.  As such, the court finds no amendment could save Plaintiff's potential civil rights claim pursuant to Section 1983.  Because no federal cause of action is available for an alleged violation of Interstate Corrections Compact or an alleged violation of <u>Valdivia v. Schwarzenegger</u>, any amendment on these theories would be futile.  Thus, dismissal without leave to amend is appropriate because there are no allegations that would save the potential federal causes of action from dismissal.

The only causes of action remaining before the court are brought under state contract and tort law.  Once no federal causes of action remain in a given case, it is within the discretion of the district court to determine whether to dismiss the remaining claims.  28 U.S.C. § 1367(c)(3);  <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726  (1966); <u>Nishimoto v. Federman-Bachrach &</u>

1  Associates, 903 F.2d 709, 715 (9th Cir.1990).  Given the early stage of this proceeding, the court
2  finds that the values of judicial economy, convenience, fairness, and comity would best be served
3  if any state law claims were litigated in state court.
4        Accordingly, the court ORDERS that:
5  1.    Defendants' motion to dismiss is GRANTED;
6  2.    This action is DISMISSED without leave to amend;
7  3.    All pending motions are DENIED as moot; and
8  4.    The Clerk of the Court is DIRECTED to close this action.

10 IT IS SO ORDERED.

11 **Dated:   November 16, 2005**                 **/s/ Anthony W. Ishii**
    0m8i78                                                   UNITED STATES DISTRICT JUDGE

12