IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. DUNHAM,                              )<br>                                            )<br>            Plaintiff,              )<br>                                            )<br>    v.                                       )<br>                                            )<br>GOVERNOR ARNOLD                 )<br> SCHWARZENEGGER, et al.,      )<br>                                            )<br>            Defendants.          )<br>_____ ) | CV F 05-0995 AWI DLB<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION<br><br>(Document #36) |

BACKGROUND

On August 4, 2005, Plaintiff filed an amended complaint. The amended complaint concerned actions leading up to a parole revocation hearing. The first cause of action alleged that Defendants breached their duty to ensure a timely parole revocation hearing. The second cause of action alleged breach of the interstate compact agreement between Nevada and California. The third cause of action alleged intentional infliction of emotional distress.

On September 29, 2005, Defendants filed an amended motion to dismiss the amended complaint. On October 13, 2005, Plaintiff filed an opposition. On November 17, 2005, the court granted Defendants' motion to dismiss and dismissed this action. The court found that to the extent this action contained only state law causes of action, the court lacked jurisdiction. To the extent Plaintiff had alleged a civil rights cause of action under 42 U.S.C. § 1983, the court found this cause of action barred by the two year statute of limitations. The court dismissed any cause of action based on the Interstate Corrections Compact found at 4 U.S.C. § 112(a) because this

statute did not present a proper basis for federal question jurisdiction.  Finally, the court found that any alleged violations of orders in Valdivia v. Schwarzenegger, Case No. CIV S-94-0671 LKK GGH (E.D.Cal.), could not be raised in a new action.  On November 17, 2005, the Clerk of the Court entered judgment.

On November 28, 2005, Plaintiff filed a motion for reconsideration by the District Court of the Magistrate Judge's ruling.

## LEGAL STANDARD

Preliminarily, the court notes that Plaintiff has filed a motion for reconsideration by the District Court of a ruling by the Magistrate Judge.  Plaintiff is informed that the November 17, 2005 order was entered by a District Court Judge, not a Magistrate Judge.  However, in the interests of justice, the court will consider if Plaintiff is entitled to reconsideration of the undersigned's November 17, 2005 order.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665

(E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

In his motion for reconsideration, Plaintiff confirms that he wanted to bring a cause of action pursuant to 42 U.S.C. § 1983. Plaintiff states that his civil rights cause of action is based on Defendants' failure to follow appropriate procedures when placing a parole hold on Plaintiff and by failing to holding a parole revocation hearing for eight months. Because the court presumed a civil rights cause of action was before the court, the court does not need to reverse its prior discussion on whether the court has jurisdiction.

Plaintiff takes issue with the court's finding that his civil rights cause of action was barred by Section 1983's two year statute of limitations. See Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Cal. Civ. Proc. Code § 335.1. Federal law determines when a civil rights cause of action accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996). The court held in its prior order that Plaintiff's cause of action accrued at the latest on July 10, 2003, when Plaintiff's parole revocation hearing was held. Plaintiff contends in his motion for reconsideration that his civil rights cause of action accrued on August 15, 2003, when he was released from custody. The civil rights cause of action alleged in the amended complaint did not concern an alleged constitutional violation stemming from the delay in releasing Plaintiff from custody. The civil rights cause of action alleged a delay in conducting Plaintiff's parole revocation hearing. Plaintiff knew about the injury stemming from the delay when his parole revocation hearing was not timely held, and at the latest, on July 10, 2003, when the allegedly late parole hearing was finally held. Because Plaintiff was not required to invalidate this parole

3

revocation hearing through the state habeas process, no later limitation period is available.  See Heck v. Humphrey, 512 U.S. 477, 489 (1994); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).  Thus, reconsideration is not warranted.

In the motion for reconsideration, Plaintiff again alleges a breach of contract cause of action.  Nothing in the motion for reconsideration provides authority overruling those cases that have held the Interstate Corrections Compact at issue in this action does not provide a basis for federal question jurisdiction.  See Ghana v. Pearce, 159 F.3d 1206, 1208 (9th Cir.1998); Stewart v. McManus, 924 F.2d 138, 142 (8th Cir.1991).  Thus, reconsideration is not warranted.

Finally, Plaintiff again references Valdivia v. Schwarzenegger, Case No. CIV S-94-0671 LKK GGH (E.D.Cal.).  It appears Plaintiff's citation to this case is to show that supervisor Defendants were on notice of constitutional violations by their subordinates in conducting parole revocation hearings.  While this might be a viable argument to show notice to the supervisors of civil rights violations, Plaintiff's civil rights cause of action is still barred by the statute of limitations.  Thus, reconsideration is not warranted.

**ORDER**

Nothing in the motion for reconsideration convinces the court that any causes of action based on alleged violations of federal law can proceed in this action.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:    December 21, 2005**            /s/ Anthony W. Ishii
0m8i78                                     UNITED STATES DISTRICT JUDGE